UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATHAN C. NASSER, | : CIVIL ACTION NO. |
| Plaintiff | : |
| v. | : |
| NAVIENT SOLUTIONS, INC., | : |
| Defendant. | : JANUARY 13, 2016 |

## NOTICE OF REMOVAL

TO:  THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

Defendant Navient Solutions, Inc. ("Defendant" or "NSI"), hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1332 and 1441, diversity jurisdiction, to the United States District Court for the District of Connecticut (the "Court"), and as grounds therefore states:

### I.  TIMELINESS OF REMOVAL

1.  On or about December 7, 2015 Plaintiff Nathan C. Nasser filed a civil action against NSI in the Superior Court of Connecticut, Judicial District of Fairfield at Bridgeport, Docket No. FBT-CV16-6054102-S (the "State Court Action.")  Copies of the Summons, Complaint, Statement of Amount in Demand, Appearance, Return of Service, along with Plaintiff's Motion for Default for Failure to Appear, are attached hereto as Exhibit A, pursuant to 28 U.S.C. § 1446(a).  These are the only process, pleadings or orders known by NSI to have been served in the State Court Action.[1]

---

[1] Plaintiff previously filed a Complaint with the Superior Court of Connecticut based on identical factual allegations on or about October 23, 2015, *Nasser v. Navient Solutions, Inc.*, Docket No. FBT-CV15-6053036-S, which NSI timely removed to the United States District Court on November 17, 2015, *Nasser v. Navient Solutions, Inc.*, 3:15-CV-01676 (JBA) ("Nasser #1").  On December 3, 2015, suddenly and without explanation, Plaintiff filed a Notice of Voluntary Dismissal, which was granted by the Court on December 3, 2015.

2. The first notice received by NSI of the State Court Action occurred on or about December 14, 2015 when it was served with the Summons, Complaint and Statement of Amount in Demand referenced above.

3. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after service of process on NSI.

## II. VENUE

4. The Superior Court of Connecticut, Judicial District of Fairfield at Bridgeport, is located within the geographic coverage of the United States District Court for the District of Connecticut. 28 U.S.C. § 86. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction under 20 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States. . . ."

### A. Amount in Controversy.

6. Pursuant to 20 U.S.C. § 1332, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States. . . ."

7. In accordance with Connecticut practice, Plaintiff's Statement of Amount in Demand "requests damages 'in excess of $15,000.'" *Baron v. Maxam N. Am., Inc.*, No.

3:11-CV-198, 2012 WL 1247257, at *3 (D. Conn. April 13, 2012). Where, as here, "the pleadings are inconclusive as to the amount in controversy, courts may look outside the pleadings to other evidence in the record." *Id.* (citing *Vermande v. Hyundai Motor Am., Inc.*, 352 F.Supp.2d 195, 199 (D. Conn. 2004)).

8. Plaintiff's Complaint contains twelve counts against NSI, consisting of claims for: breach of contract (First and Sixth Counts); violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq.* ("CUTPA") (Second and Seventh Counts); violations of the Banking Laws of Connecticut, Conn. Gen. Stat. § 36a-645, *et seq.* (Third, Tenth, Eleventh, and Twelfth Counts); Intentional Infliction of Emotional Distress (Fourth and Eighth Counts); and Negligent Infliction of Emotional Distress (Fifth and Ninth Counts).

9. Pursuant to each of his claims, Plaintiff seeks, *inter alia*, compensatory damages, damages for emotional distress, and attorneys' fees. Plaintiff also seeks punitive damages under CUTPA.

10. Plaintiff seeks damages well in excess of $75,000. For example, Plaintiff's claim for breach of contract alone purports to involve at least $25,000 — the value of the loan Plaintiff seeks release from as a co-signer. (Compl. ¶ 4.) In addition, Plaintiff could recover more than $75,000 for his emotional distress damages alone, which he seeks on top of his claim for breach of contract. *See, e.g., Phillips v. Bowen*, 115 F. Supp. 2d 303 (N.D.N.Y. 2000) (awarding $400,000 in emotional distress damages). Moreover, if Plaintiff is successful on his claims under CUTPA, for which Plaintiff seeks monetary and punitive damages, such damages could exceed $75,000. *See Bridgeport Harbor Place I, LLC v. Ganim*, No. X06CV040184523S, 2008 WL 4926925, at *1 (Conn. Super. Ct. Oct. 31, 2008)

*aff'd sub nom. Bridgeport Harbour Place I, LLC v. Ganim,* 131 Conn. App. 99, 30 A.3d 703 (2011) (awarding $120,000 in CUTPA punitive damages, as well as $650,000 in attorney's fees).

11. Finally, where, as here, attorneys' fees are potentially recoverable pursuant to statute, such fees may also be used to satisfy the amount in controversy requirement. *See Kimm v. KCC Trading, Inc.*, No. 10-4880, 2012 WL 171503, at *1 (2d Cir. Jan. 23, 2012); Conn. Gen. Stat. § 46a-104 (2012). Given the nature of Plaintiff's claims, his attorneys' fees could exceed $75,000.00.

12. Adding together all the different claims and components of damages Plaintiff may be entitled to if he prevails on his claims, Plaintiff is seeking more than $75,000 in damages. Accordingly, pursuant to 28 U.S.C. § 1446(c)(2)(B), although NSI does not concede or admit that Plaintiff suffered any damages, or that it is liable for any claimed damages, removal is proper because, based upon the preponderance of the evidence, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

  B. **Diversity of Citizenship**.

13. Plaintiff resides at 778 Valley Road, Fairfield, CT 06825. (Pl.'s Summons).

14. NSI is a Delaware corporation, with its principal place of business in Reston, Virginia. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

15. Complete diversity of citizenship therefore exists because Plaintiff is a citizen of Connecticut, and NSI, for purposes of diversity, is a Citizen of Delaware and Virginia.

## IV.   CONCLUSION

16. To date, NSI has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

17. Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal have been served upon counsel for all adverse parties and upon the Clerk of the State Court.

18. By removing this matter, NSI does not waive or intend to waive any defense that may be available to it.

WHEREFORE, Navient Solutions, Inc., by counsel, respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of Connecticut, Judicial District of Fairfield at Bridgeport, to the United States District Court for the District of Connecticut.

          DEFENDANT,
          NAVIENT SOLUTIONS, INC.

          By  /s/ William C. Ruggiero
          William C. Ruggiero (CT29248)
          william.ruggiero@ogleetreedeakins.com
          OGLETREE, DEAKINS, NASH, SMOAK
          & STEWART, P.C.
          281 Tresser Boulevard, Suite 602
          Stamford, CT  06901
          Phone: 203.969.3112
          Fax: 877.229.7662

          Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically through the Court's Electronic Filing System ("ECF") and email notification was sent to all parties. Parties unable to receive notifications through the Court's ECF system were sent copies by regular U.S. mail on this 13th day of January, 2016.

/s/ *William C. Ruggiero*
William C. Ruggiero

23515876.2